UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick James Chambers, | ) | Crim. No.: 4:08-cr-01072-RBH-3 |
| | ) | Civil No.: 4:15-cv-04730-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |

This matter is before the Court on Petitioner's pro se [ECF No. 618] motion to vacate under 28 U.S.C. § 2255 and [ECF No. 623] amended motion to vacate under 28 U.S.C. § 2255 filed on November 23, 2015, and December 14, 2015, respectively. Petitioner moves to vacate his sentence arguing that he was improperly designated as a career offender in that "the determination of his career offender status was based upon an alleged offense that [he] did not commit." [ECF No. 623, at 4]. On January 4, 2016, the government filed a motion to dismiss [ECF No. 629] arguing Petitioner's motion to vacate is untimely, is not cognizable on collateral review, and that he was correctly determined to be a career offender and his prior drug convictions continue to qualify him for career offender designation. On January 3, 2016, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner did not file a response.

**Procedural History**

On October 28, 2008, Petitioner was indicted, along with several co-defendants, in a one count indictment that alleged conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(A), and 846. On June 15, 2010, the government filed an information pursuant to 21 U.S.C. § 851 advising Petitioner that based on his three prior drug convictions, he was subject to enhanced penalties. On September 10, 2010, Petitioner signed a plea agreement agreeing to plead guilty to count one of the indictment. Petitioner entered his guilty plea on the same day. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner was a career offender under § 4B1.1 of the U.S. Sentencing Guidelines based on his prior drug convictions. As a result, Petitioner's advisory sentencing guideline range was 262 to 327 months. At sentencing, the Court sentenced Petitioner to 240 months imprisonment followed by 10 years of supervised release. Petitioner did not appeal his sentence or conviction. On May 14, 2013, Petitioner was resentenced to 156 months imprisonment pursuant to the Fair Sentencing Act. Petitioner did not appeal his amended sentence.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus,

no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The government has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged must "raise a right to relief above the speculative level," *id*. at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950.

## Discussion

Petitioner was designated a career offender under § 4B1.1 of the United States Sentencing Guidelines based on at least two prior drug convictions. Petitioner argues in his motion to vacate

that he was incorrectly designated as a career offender because he did not commit the prior drug offense listed in paragraph 32 of the revised presentence investigation report ("PSR"). Petitioner contends that his arrest and conviction on Indictment No. 04-GS-13-318 were falsified by the Chesterfield County Sheriff's Department for the purpose of obtaining a longer federal sentence.

The government responds that the PSR is correct and attached the state court documents to support its contention. A review of the state court sentencing sheet and indictment indicates that Petitioner was indicted for distribution of crack cocaine on March 1, 2004, and pled guilty to the lesser offense of possession with intent to distribute powder cocaine on May 2, 2005. Petitioner was then sentenced to a term of 8 months imprisonment for possession with intent to distribute powder cocaine. Petitioner did not respond to the government's arguments and appears not to challenge the state court documents that unequivocally show that he was convicted of the predicate drug charge. Petitioner's claim of a county-wide conspiracy to falsify state court documents in order for Petitioner to obtain a lengthy federal sentence is incredible and wholly without merit. The Court finds, therefore, that the PSR correctly determined Petitioner to be a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines based on his prior drug convictions listed at paragraphs 30 and 32 of his PSR. *See* [ECF No. 544, at 10].

Further, Petitioner's challenge to his career offender status and alleged misapplication of the sentencing guidelines is not cognizable on a § 2255 motion to vacate. *See United States v. Foote*, 784 F.3d 931 (2015) (holding that a mistaken career offender designation under the United States Sentencing Guidelines is not cognizable on collateral review).

Finally, the Court finds that Petitioner's motion to vacate is untimely as it was filed more than seven years after Petitioner's conviction became final and none of the other three potential

triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 629] motion to dismiss is **GRANTED**. Petitioner's pro se [ECF No. 618] motion to vacate under 28 U.S.C. § 2255 and [ECF No. 623] amended motion to vacate under 28 U.S.C. § 2255 are **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

July 15, 2016                                                     s/ R. Bryan Harwell
Florence, South Carolina                                    R. Bryan Harwell
                                                                          United States District Judge